BENJAMIN WARREN *vs.* GUIDO MARTINI.

JULY 2, 1946.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This is an action of assumpsit to recover the sum of $1350 allegedly due to the plaintiff under two certain oral contracts with the defendant, which were treated as one contract by the parties for the purposes of trial. The declaration contains only the common counts. The defendant's plea was *non assumpsit*. The case was tried in the superior court before a jury, which returned a verdict for the plaintiff for the full amount claimed by him. The de-

fendant filed a motion for a new trial on the usual grounds, among which the principal ground was that the verdict was against the evidence and the weight thereof, and also on the ground of newly discovered evidence. This motion was granted on the last ground and the case is now before us solely on the exception of the plaintiff to the granting of that motion.

A mere outline of the conflicting testimony is sufficient for our purposes. The plaintiff, a painter decorator, testified that he agreed orally with the defendant to paint and decorate the "dine and dance" room and the barroom in the defendant's cafe in the city of Providence for the stipulated price of $1000 for the dine and dance room and $500 for the barroom; that all murals were painted from sketches made by him which were submitted to and were approved by the defendant; that it took him nearly three months, working six days a week and eight hours a day, either in his studio or at the defendant's place of business, to complete the contract; that, while so engaged, he did not work for anyone else; that during this time the defendant paid him only $150 on account; that the actual work of painting and decorating was approved by the defendant as it progressed and that he was fully satisfied when it was finished; but that, without cause, the defendant told him to leave the place when payment was requested, saying: "I paid you too much." Two witnesses, who testified as experts for the plaintiff, without objection, expressed the opinion that the work was done in a workmanlike manner and was fully worth the stipulated contract price.

The defendant, on the other hand, testified that the plaintiff undertook to do all the work for $650 and to complete it in about three weeks; that the plaintiff repeatedly stayed away from his work; that when he sought him at his home and inquired about such delay, the plaintiff informed him that "he had taken other jobs and that he would have to complete them" before he could return to work at the defendant's place; that the work was unsatisfactory and was

never completed; and that, for this reason and also because of the undue delay, he ordered the defendant to leave the premises and refused to pay him any more money on the contract. An expert witness for the defendant expressed the opinion that the plaintiff's decorative work looked unfinished and seemed to lack unity. The plaintiff positively denied that the contract price for all the work was $650, as the defendant had testified.

This case was unquestionably commenced, tried and submitted to the jury on the theory that when a contract has been fully executed, and nothing remains to be done but the payment of the price agreed on, the plaintiff may declare specially on the contract, or he may rely on the common counts in *indebitatus assumpsit,* as he did in the instant case. *McDermott* v. *St. Wilhelmina Benevolent Aid Society,* 24 R. I. 527, 537; *Freese* v. *Pavloski,* 39 R. I. 512; *Downing* v. *Grady,* 52 R. I. 83; *Smith* v. *Frost,* 68 R. I. 241. There is nothing in the record before us that either party relied upon a *quantum meruit,* that is, that the plaintiff was seeking to recover what his services were reasonably worth.

Since the case was tried and decided on the theory that the plaintiff had two special contracts which he completed in a workmanlike manner, it is of no special importance, except possibly to affect his credibility, how much time he consumed in actual work on the contract, provided that he did the work in a reasonably proper manner and in a reasonable time. The only other issue in this case was whether the agreed price for the work was $1500, as the plaintiff testified, or $650, as the defendant claimed. These issues were fairly submitted to the jury and their verdict implies that they determined them all in favor of the plaintiff.

We have repeatedly stated that in passing on a motion for a new trial the proper discharge of the duty imposed upon a trial justice requires him to pass his independent judgment upon the weight of the evidence and the credibility of the witnesses in accordance with well-established rules. It is the right of a party moving for a new trial to have the

independent judgment of the trial justice on all the grounds which are urged in such motion. This court, in order that it may fully discharge its duty to the parties in reviewing a decision on a motion for a new trial, is also entitled to the benefit of the trial justice's judgment on all such grounds. This is especially true when the main ground relied upon in such a motion is that the verdict is against the evidence and the weight thereof, for we are deprived of the opportunity of seeing and hearing the witnesses while testifying, which is often of great advantage in determining the credibility of the testimony. We do not mean that the trial justice must discuss at great length the grounds urged by a losing party; but his duty requires that, whether in a decision from the bench or by way of rescript, he should make it reasonably clear, however abbreviated the form may be, what his judgment is with reference to those grounds, particularly when they are directed to the evidence and the weight thereof.

In the instant case the trial justice in his rescript does not meet these necessary requirements. After briefly indicating a conflict in the evidence, he refers to the ground of newly discovered evidence in defendant's motion for a new trial and grants such motion solely on that ground in the following language: "It seems to the Court that such evidence has definite probative value and that the defendant should have an opportunity to present it. The affidavit shows due diligence on the part of the defendant."

The first main question which the trial justice here should have decided on the defendant's motion for a new trial was whether in his independent judgment the verdict was supported by a preponderance of the credible evidence. There is not a word in this rescript which, expressly or by necessary implication, gives us the benefit of that judgment and appraisal of the evidence by the trial justice. He rested his decision entirely on the ground that in his judgment the newly discovered evidence has "definite probative value"

and that therefore "the defendant should have the opportunity to present it" at a new trial.

The mere fact that newly discovered evidence has probative value and was not discoverable by the exercise of due diligence is not sufficient to satisfy our well-known rule governing the granting of a new trial on that ground. In order to come within this rule it must further appear that the evidence is of such character and is so controlling upon a material issue that it would probably change the result, if another trial were had. *Zoglio* v. *T. W. Waterman Co.*, 39 R. I. 396; *Woodward* v. *Wilbur*, 54 R. I. 60; *Berarducci* v. *Sarcione*, 55 R. I. 398; *State* v. *De Cesare*, 64 R. I. 123.

The trial justice in his rescript omitted to say whether, in his judgment, the evidence under consideration, if believed, would probably change the result in the circumstances of this case. The gist of the alleged newly discovered evidence, as shown in the affidavit, is that the plaintiff started to work at affiant's place of business "on or about February 5, 1944 and worked from the date of starting to February 21, 1944 when he completed his work." At best the probative value of this evidence was simply to contradict the testimony of the plaintiff to the effect that during that period he worked for the defendant and no one else. But, as we have already indicated in our brief outline of the facts, the defendant himself had already testified, in contradiction of the plaintiff, that the latter had told him that he was engaged in other work. The alleged new evidence was therefore merely cumulative or impeaching in character, and was without such controlling force on the material issues in the case as to probably change the result if a new trial were granted. We are therefore of the opinion that the trial justice was clearly in error in granting defendant's motion for a new trial on the sole ground of newly discovered evidence.

Since the trial justice did not pass upon the other grounds of the motion, nor state his appraisal of the weight of the evidence and credibility of the witnesses, we are unable to

42

give his decision the weight that it otherwise would have under our practice. Thus we are required to determine merely from the record before us whether the evidence strongly preponderates against the verdict. *Baker* v. *Kinnecom*, 68 R. I. 453. We have examined the transcript and after consideration we are unable to say that the credible evidence strongly preponderates against the verdict. Such conclusion requires us to sustain the verdict of the jury.

The plaintiff's exception is sustained and the case is remitted to the superior court for the entry of judgment on the verdict.

*Max Winograd,* for plaintiff.

*Daniel Jacobs, Baker & Spicer,* for defendant.